```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

<u>Summayyab Ann MNC Wylder</u>

    v.                                    Civil No. 17-cv-153-JL
                                              Opinion No. 2018 DNH 135
<u>U.S. Social Security
Administration, Commissioner</u>


**<u>ORDER ON APPEAL</u>**

Summayyan Ann MNC Wylder has appealed the Social Security Administration's ("SSA") denial of her application for a period of disability and disability insurance benefits. An administrative law judge ("ALJ") at the SSA ruled that, despite several severe impairments, Wylder retains the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy, and thus is not disabled. See 20 C.F.R. §§ 404.1505(a), 416.905(a). The Appeals Council granted Wylder's request for review, see id. § 404.967, requiring the ALJ to reconsider that decision, taking certain evidence into consideration. Having done so, the ALJ again concluded that Wylder is not disabled. The Appeals Council denied Wylder's second request for review, with the result that the ALJ's second decision became the final decision on her application, see id. § 404.981. Wylder then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Wylder has moved to reverse the decision. See LR 9.1(b). The Acting Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision. See LR 9.1(e). After careful consideration, the court denies Wylder's motion and grants the Acting Commissioner's motion.

I. **Applicable legal standard**

The court limits its review of a final decision of the SSA "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). It "review[s] questions of law de novo, but defer[s] to the Commissioner's findings of fact, so long as they are supported by substantial evidence," id., that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). Though the evidence in the record may support multiple conclusions, the court will still uphold the ALJ's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). The court therefore "must uphold a denial of social security . . . benefits unless 'the [Acting Commissioner] has committed a legal or factual

error in evaluating a particular claim.'" Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

## II. Background[1]

The ALJ invoked the requisite five-step sequential evaluation process in assessing Wylder's request for disability and disability insurance benefits. See 20 C.F.R. §§ 404.1520, 416.920. After determining that Wylder had not engaged in substantial gainful activity after the alleged onset of her disability on June 3, 2009, the ALJ analyzed the severity of her impairments. At this second step, the ALJ concluded that Wylder had several impairments: posttraumatic stress disorder (PTSD), unspecified depressive disorder, hoarding disorder, obesity, degenerative disc disease of the lumbar spine, and osteoarthritis of the right knee.[2]

At the third step, the ALJ found that Wylder's severe impairments did not meet or "medically equal" the severity of one of the impairments listed in the Social Security

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts (doc. no. 11) is incorporated by reference. See LR 9.1(d).

[2] Admin. R. at 21.

regulations.[3] See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. After reviewing the medical evidence of record, medical opinions, and Wylder's own statements, the ALJ concluded that Wylder retained the RFC to perform light work, see 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she:

> can occasionally climb ramps and stairs; . . . must avoid exposure to extremes of temperature and pulmonary irritants such as fumes, dusts, and gasses; . . . is able to perform simple, routine tasks for two-hour blocks of time, and cannot understand, remember, or carry out detailed instructions; . . . can tolerate up to occasional interaction with co-workers, but cannot engage in tandem tasks; . . . can tolerate up to occasional interaction with the public; and . . . requires a low-stress job, defined as one involving up to occasional decision-making.[4]

Finding that, even limited in this manner, Wylder was able to perform jobs that exist in significant numbers in the national economy, see 20 C.F.R. §§ 404.1566 and 416.966, the ALJ concluded his analysis and found that Wylder was not disabled within the meaning of the Social Security Act.

---

[3] Id. at 21-23.

[4] Admin. R. at 23.

4

**III. Analysis**

Wylder argues that the ALJ's RFC determination with respect to her mental limitations[5] is not supported by substantial evidence. Specifically, Wylder contends that the ALJ failed to account for, and his RFC determination runs contrary to, three specific statements in Dr. Robert Prescott's March 2016 opinion, which the ALJ afforded "great weight."[6] In that opinion, Dr. Prescott concluded, among other things, that Wylder:

- "does not appear typically able to be around unfamiliar or too many others without considerable distress";
- "would not be expected to effectively maintain concentration for extended periods as well as most others"; and
- "does not appear at this time able to effectively manage typical levels of stress and change found in settings outside the home on a consistent, sustained basis."[7]

---

[5] She does not challenge the ALJ's RFC determination with respect to her physical limitations.

[6] See Mot. to Remand (doc. no. 8-1) at 3; Admin. R. at 25.

[7] Admin. R. at 1347.

Importantly, Wylder does not contest the weight that the ALJ afforded to Dr. Prescott's opinion. Her sole complaint is that the ALJ crafted an RFC that did not account for these three observations.[8] If he had done so, she contends, then the ALJ would have found that she had a "moderately severe limitation in the ability to maintain appropriate attention and concentration through an eight-hour workday" resulting in "unsatisfactory performance," and thus would be unable to engage in substantial activity.[9]

The ALJ did not err. He clearly considered Dr. Prescott's March 2016 opinion.[10] He afforded it "great weight," finding its conclusions "generally consistent with the contemporaneous treatment notes from David Corriss, Ph.D., who treated the claimant on a weekly basis from July 2014 through February 2016," and "with the medical evidence of record as a whole."[11] Wylder identifies no evidence, opinion or otherwise, with which Dr. Prescott's opinion conflicts.

And, contrary to Wylder's assertion, the RFC crafted by the ALJ appears to reflect all three of Dr. Prescott's conclusions.

---

[8] See Mot. to Remand (doc. no. 8-1) at 3-5.

[9] Id. at 4.

[10] See Admin. R. at 25.

[11] Id.

6

First, Dr. Prescott opined that Wylder "does not appear typically able to be around unfamiliar or too many others without considerable distress."[12] The ALJ limited her to only occasional interaction with both co-workers and the public.[13] Next, Dr. Prescott opined that Wylder "would not be expected to effectively maintain concentration for extended periods as well as most others."[14] The ALJ concluded that she could "perform simple, routine tasks for two-hour blocks of time."[15] Finally, Dr. Prescott opined that Wylder "does not appear at this time able to effectively manage typical levels of stress and change found in settings outside the home on a consistent, sustained basis."[16] The ALJ concluded that she "requires a low-stress job."[17]

This is a straightforward case wherein the evidence in the record could, theoretically, support conclusions different from those drawn by the ALJ. Wylder has not shown, however, that the ALJ failed to account for the evidence or that, even if he had,

---

[12] Id. at 1347.

[13] Id. at 25.

[14] Id. at 1347.

[15] Id. at 25.

[16] Id. at 1347.

[17] Id. at 25.

7

those three statements would compel a different RFC.  Even were that the case, the court would still uphold the ALJ's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz, 955 F.2d at 769 (1st Cir. 1991).  Here, it could.

## IV. Conclusion

For these reasons, the Acting Commissioner's motion to affirm[18] is GRANTED and Wylder's motion to reverse and remand the Acting Commissioner's decision[19] is DENIED.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

　　　　　　　　　　　　　　　　_/s/ Joe Laplante_
　　　　　　　　　　　　　　　　Joseph N. Laplante
　　　　　　　　　　　　　　　　United States District Judge

Dated:　　July 2, 2018

cc:　Christopher G. Roundy, Esq.
　　　Robert J. Rabuck, AUSA

---

[18] Document no. 11.

[19] Document no. 8.